José A. Castro Gómez, Petitioner and Appellant, *v.* Gerardo Delgado, Warden, etc., Respondent and Appellee.

No. 12912. Decided February 28, 1963.

*Gilberto Cuevas Vélez* counsel designated by the Supreme Court to assist appellant in this appeal. *J. B. Fernández Badillo, Solicitor General,* and *Jenaro Marchand, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

On December 8, 1955 appellant José Antonio Castro Gómez, known also as Flor Castro Andino, was sentenced to serve eighteen months in jail for the crime of burglary in the second degree. Twelve days later, on December 20, he was sentenced to serve an indeterminate sentence of from one to four years' imprisonment in the penitentiary for the crime of burglary in the first degree. On June 18, 1958 he was paroled for the remainder of the term of both sentences; it was set forth that they would be totally extinguished on September 7, 1960.

Before two months of parole had elapsed he was charged with the commission of a subsequent offense of grand larceny and of two subsequent offenses of petit larceny for acts during the last days of the month of August 1958. His previous convictions for the felony of burglary in the first degree was alleged as an element for the subsequent degree. He was tried and found guilty of the three above-mentioned offenses, and was sentenced to serve indeterminate penalties of from 10 to 15 years, 2 to 5 years, and 2 to 5 years imprisonment in the penitentiary.

He filed a petition for habeas corpus to contest these last sentences. The main contention [1] is that he could not

---

[1] It was also alleged that he had not had adequate legal aid, but no evidence was introduced at the hearing on this score. It was also insinuated that the previous judgment was null for lack of jurisdiction based on appellant's minority on the date of the commission of the offense of burglary in the first degree. However, this allegation was not supported and, besides, from a report in the record it appears that he was of age when he was sentenced for the first time.

be charged with a subsequent offense because at the time when he committed the offenses which give rise to his present conviction and imprisonment, he had not yet fully served the sentence on which the allegation of subsequent offense was based, because he was at that time on parole.    The trial court dismissed the petition.

██ Section 56 of the Penal Code, 1937 ed., 33 L.P.R.A. § 131, provides that a person who *"having been convicted* of any offense punishable by imprisonment in the penitentiary commits any crime *after such conviction,"* is punishable for a subsequent offense in the manner determined therein, and that it is more onerous than in the case of a first conviction. (Italics ours.)    Convicted is defined by the *Diccionario de la Real Academia Española*, 8th ed., p. 362 as follows: "applied to a defendant who has been legally found guilty of a crime, even though he may not have confessed it." As pointed out by the Solicitor General, in a strict legal sense, it means that judgment has been rendered against defendant on a verdict of guilty returned by a jury or by the judge, as the case may be, or when defendant has pleaded guilty. Hence, it is not necessary to have served the sentence imposed.    *Cf. People* v. *Cancio*, 53 P.R.R. 520 (1938) ; *People* v. *Morales*, 61 P.R.R. 870 (1943).

The above-mentioned § 56 is a literal translation of § 666 of the Penal Code of California of 1872, DEERING'S, Penal Code Annotated of the State of California 491, 1961 ed.    It is highly revealing that this section was amended in 1909 to require not only that defendant must have been convicted of a felony, but specifically, that he must have served the sentence, and in 1957, or that he must have been imprisoned as a condition precedent to a suspended sentence.

██ Finally, if appellant's contention is that the parole had the result of obliterating the effects of his previous conviction, we need only refer him to the decision in *Emanuelli* v. *District Court*, 74 P.R.R. 506 (1953), where we pointed

out that the parole is nothing more than a measure for serving the sentence outside of prison.

The judgment rendered by the Superior Court, Humacao Part on September 22, 1959 will be affirmed.